[Filed at Pendleton, May 18, 1889.]

C. C. CUNNINGHAM, APPELLANT, *v.* T. W. BERRY, RECORDER OF MILTON CITY, AND MILTON CITY, RESPONDENT.

IN A COMPLAINT AGAINST A PARTY CHARGING HIM WITH AN OFFENSE for an alleged violation of a city ordinance, made before a city tribunal authorized to take cognizance of such matters, the facts constituting the offense must be set out in the complaint as fully and completely as they are required to be stated in an indictment for a similar offense against the state.

IN A COMPLAINT CHARGING THE DEFENDANT WITH HAVING SOLD WHISKY in Milton City in less quantities than one quart, and which complaint contained a statement that the selling was contrary to the force and effect of a certain section of a certain ordinance approved by its board of trustees, but did not contain any allegations or charge that the defendant sold the whisky without having first obtained a license, agreeably to the provisions of the ordinance: *held,* that the complaint did not state facts sufficient to constitute an offense. *Held, also,* that the charter of said city, within the rule laid down by this court in *Barton* v. *City of La Grande,* decided at the present term thereof, did not authorize an appeal from a judgment of conviction rendered by the recorder of the city, and that consequently a writ of review was the proper remedy to revise such judgment.

APPEAL from a decision of the Circuit Court for the county of Umatilla dismissing a writ of review to the recorder of Milton City.

The facts of the case appear in the opinion of the court.

*Wirt Minor* and *L. B. Cox,* for Appellant.

*E. D. McLaughlin,* for Respondent.

THAYER, C. J.—The appellant herein was tried and convicted in the recorder's court of Milton City, county of Umatilla, Oregon, for an alleged violation of a city ordinance of said city.

The complaint under which he was convicted contained the following charge, in substance: "That the appellant did sell, dispose of, and convey to one L. B. Banks one bottle of whisky of a less quantity than one quart. The said selling, disposing, and conveying being and is contrary to the force and effect of section 8, ordinance numbered 3, of said Milton City, entitled 'An ordinance to regulate and license the sale of spirituous and malt liquors,' said ordinance being approved by the board of trustees of said Milton City on the tenth day of January, A. D. 1888. All of which is contrary to the peace and dignity of the people of Milton, and contrary to the ordinance in such case made and provided."

The appellant, upon being arrested, and taken before the said recorder upon the said complaint, filed a motion to dismiss the proceeding upon the ground that the alleged ordinance he was accused of having violated was void; that it failed to show that it was published as required by the charter. The motion having been overruled, the appellant filed a demurrer to the said complaint, upon the grounds that the facts contained therein did not constitute a crime. The demurrer was also overruled, and the appellant then interposed a plea of not guilty; whereupon a jury trial was had, and the appellant was found guilty, and sentenced to pay a fine of one hundred dollars and costs. He then sued out the writ of review from said circuit court to review the judgment of conviction and proceedings had thereon; which said writ, after being returned, the said circuit court dismissed, upon the ground that an appeal would lie from said judgment, and consequently that the writ of review would not lie. From the last-mentioned decision this appeal is taken. The complaint upon which the conviction was had was not sufficient.

A complaint in such a case must set out the facts constituting the offense as fully and completely as they are required to be set out in an indictment for a similar offense against the state. It must show that the party accused committed the acts which the ordinance prohibited. It should have shown in this case, not only that the appellant sold the whisky, but that he did so without having first obtained a license agreeably to the provisons of the ordinance, and the time of the passage of the ordinance, and the provisions of it should have been recited in the complaint. The ordinance also has to be proved where the commission of the offense is denied by a plea of not guilty. It must be signed by the mayor, after being passed by the board, or in case of his absence from the meeting at which it was passed, then

by the chairman thereof (section 3, article 6, of the charter), and must be proved to have been passed by the board of trustees, signed by the mayor or chairman of the board as mentioned, attested and published as prescribed in the charter, or by certified copies thereof under the hand of the recorder and seal of the city. (Section 9, article 5, of the charter.) City officials should understand that a person cannot be arrested, fined, and imprisoned under a city ordinance unless it was regularly passed, and had gone into effect at the time of its alleged violation, and that the proceeding under it must be duly and regularly taken.

Whether an appeal will lie from such a judgment of conviction as the one herein depends upon the charter of the city. We have already passed upon that question at this term of court, in *Barton* v. *City of La Grande.* I have examined this charter, and am not able to find any provision therein which authorizes an appeal in such a case. A writ of review, therefore, was the only remedy the appellant was entitled to invoke, and the circuit court should have sustained the one issued in this case. The circuit court, however, seems to have been misled by a former decision of this court, which is referred to and explained in *Barton* v. *City of La Grande,* and to have been under the impression that our holding in the former case was different from what we intended.

The decision of the circuit court must be reversed, and the case remanded to that court, with directions to reverse the judgment of conviction rendered by the recorder's court, which was sought to be reviewed, and the appellant will be entitled to his costs and disbursements herein.