[Filed January 27, 1890.]

## STATE OF OREGON, RESPONDENT, *v.* ELZEAR DUPUIS, APPELLANT.

STATUTORY CONSTRUCTION—REPEAL.—The Act prohibiting the giving or selling of intoxicating liquors to minors of October 17, 1876, is repealed by the Act of February 17, 1887. Hill's Code, § 1913, on the same subject.

REPEALS BY IMPLICATION.—Section 1913, Hill's Code, is not repealed by the Act of February 18, 1889, Session Laws, pp. 9, 10, 11, regulating the sale of spirituous, vinous and malt liquors in this State. There is no such repugnancy between the two Acts as that they both cannot stand together and be operative.

ACT OF 1889, *supra.*—This Act, by its own terms, is not operative in any of the incorporated cities or towns in this State.

APPEAL from the circuit court for Marion county.

The defendant was indicted by the grand jury of Marion county for the crime of selling and giving intoxicating liquors to a minor. The charging part of the indictment is as follows: "The said Elzear Dupuis, on the twenty-seventh day of August, A. D. 1889, in the county of Marion and State of Oregon, then and there being, did then and there unlawfully sell and give to Charles H. Baker one drink of intoxicating liquor, to wit: lager beer, of the value of five cents, he the said Charles H. Baker then

and there being a minor, under the age of twenty-one years, and he the said Elzear Dupuis not then having the consent in writing of said minor's parents or guardian for that purpose, contrary," etc. Both parties waived trial by a jury, and the cause being submitted to the court, the court made the following findings: (1) That the defendant Elzear Dupuis is engaged in the business of retailing spirituous, vinous and malt liquors in the town of Gervais, Marion county, Oregon. (2) That said town of Gervais, prior to, and on and ever since the twenty-seventh day of August, 1889, was and is a municipal corporation duly incorporated by the legislative assembly of the State of Oregon. (3) That on the twenty-seventh day of August, 1889, the said defendant Elzear Dupuis sold to one Charles H. Baker one drink of lager beer, of the value of five cents, said lager beer being intoxicating liquor. (4) That said Charles H. Baker, on the twenty-seventh day of August, 1889, was a minor under the age of twenty-one years. (5) That the said Elzear Dupuis did not, at the time he sold said lager beer to said Charles H. Baker, have the consent in writing of the said minor's parents or guardian for that purpose.

And as conclusions of law from the foregoing facts, the court finds that said Elzear Dupuis is guilty as charged in the indictment.

The defendant was thereupon sentenced to pay a fine of $50, from which judgment this appeal was taken.

*W. M. Kaiser* and *Tilmon Ford*, for Appellant.

*H. H. Hewitt, District Attorney,* for the State.

STRAHAN, J.—The appellant's main contention is that the Act of 1887 (Hill's Code, § 1913) is repealed by the Act of 1889. Session Laws, pp. 9, 10, 11. Section 1913, Hill's Code, being section 1, Acts of 1887, p. 71, provides: "If any person shall sell, or cause to be sold or given, any intoxicating liquors to any minor in this State, or if any keeper of any saloon, bar-room, or other vendor of sprituous or intoxicating liquors within this State shall harbor, per-

mit or suffer any minor to loiter or to remain in such saloon, bar-room, or other place where such spirituous or intoxicating liquors are sold, or kept for sale, or to engage in any game of cards, dice-throwing, or other game of chance, billiards, bagatelle or other game, in such saloon, bar-room or place aforesaid, either for amusement or otherwise, such person shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by fine of not less than fifty nor more than three hundred dollars, or by imprisonment in the county jail not exceeding one year, or both, at the discretion of the court, and shall forfeit any license such person may have," etc.

At the argument some doubt was expressed as to the validity of this Act on account of the error in the title. Its title is as follows: "An Act to amend an Act to amend section 14 of title 1, chapter 28, General Laws of Oregon, being section 686, chapter 3, Criminal Code, published in 1874 by authority of the legislative assembly of the State of Oregon, as amended October 17, 1876." This title, it must be conceded, is unnecessarily cumbersome and prolix, and the learned annotator of the last edition of the statutes of this State, at a note at page 964, vol. 1, has pointed out the error in such title. He says: "It will be observed, moreover, while the title declares the object of this Act to be to amend an Act of October 17, 1876, which was itself amendatory of the section as printed in the edition of the General Laws of 1874, the body of this Act purports to amend the original section, not-the amendatory one. Still, I have assumed that section 686 of the Criminal Code, which is upon the same subject matter of this Act, is the controlling element in the descriptive part, in both title and body of this Act, and that the title therefore sufficiently expresses the subject of the Act."

Turning, now, to section 686 of the revision of 1874, and it is found to punish the selling or giving of intoxicating liquors to minors, rejecting all that part of the title which is superfluous and erroneous, and I think the Act may be upheld as an amendment to section 686 of the Criminal

Code.   The subject of the Act is expressed in the title, and the amendatory Act is germain to the subject embraced in section 686, *supra.*   As a result of this conclusion, the Act of 1876 is repealed by implication by the Act of 1887. The Act of 1887 makes no provision for a written license by the parent or guardian.   Therefore the allegations in the indictment on that subject, and the findings based thereon, are simply surplusage.   They may be rejected without any injury to the defendant whatever, and the conviction sustained, unless this Act is repealed by the Act of 1889, and to that matter our attention will now be directed.

The Act in question is very comprehensive in its terms. Its object is to regulate the sale of spirituous, malt and vinous liquors throughout the State, except in incorporated towns and cities.   The third section of this Act requires every person applying for a license to sell spirituous, malt or vinous liquors, before securing the same, to execute to such county a bond in the penal sum of $1,000, with two or more sufficient sureties, to be approved by such court, conditioned that he will keep an orderly house, and that he will not permit any unlawful gaming or riotous conduct in or about his house; and that he will not give, sell or supply any spirituous, malt or vinous liquors to minors or habitual drunkards, nor to any person at the time in a drunken or intoxicated condition; and in case of a violation of the foregoing conditions by any person giving such bond, he shall be liable to pay a fine of not less than $50 nor more than $200 *for any such violation,* and the bond so given as aforesaid by any such person shall be liable to be prosecuted as thereinafter prescribed.   And section 7 of the Act makes it the duty of the county clerk to prosecute the bond given by such applicant.

Is there such a repugnancy between this Act and the Act of 1887 in relation to selling or giving liquors to minors, that the two cannot stand together?   If there is, according to well settled rules of construction, the last Act repeals the former by implication.   It may be proper

to remark in this connection that repeals by implication are never favored. By that, I understand it is the duty of the court to so construe said Act, if possible, that they shall both be operative. One difficulty in the way of the appellant's construction is, that the Act of 1889 applies only to licensed sellers. A person who had no license, and who should give or sell liquors to a minor, and had given no bond under that Act, could not be punished under it, while the Act of 1887 applies to every person alike. This of itself, I think, is a conclusive answer to the appellant's contention. But there are other considerations which seem equally as direct and satisfactory. The history of legislation in this State on this subject shows that the legislature recognized the fact that there was a threatened and impending danger to the youth of the State that they intended to avert, if possible. And this last Act was an effort "to make assurance doubly sure, and take a bond of fate." It is not directly made indictable under this last named Act to sell or give liquor to minors, but it is the fact that the party, after solemnly covenanting with the State that he would not do so, and thus violating the conditions of his bond, which is made punishable. This is altogether a different offense from that made punishable by the Act of 1887. I think the result would have been the same if the party applying for a license had been required to give a bond not to violate any of the penal statutes of the State in relation to the sale of intoxicating liquors, and a penalty had been inflicted for violating the conditions of such bond.

Looking at these entire statutes, and assuming for the present that they both operate over the same territory, I think they can both stand and be operative, and therefore the latter statute has not repealed the former by implication. But, if I am mistaken in this view of the subject, there still remains a conclusive answer to this objection. The finding of the court is that this act of selling took place in the town of Gervais, an incorporated town of this State. By section 11 of the Act of 1889, incorporated cities

and towns are expressly excepted out of its operation. It is not in force in the incorporated cities and towns, and there could be no repugnancy or conflict between the two Acts, within such incorporated cities or towns, for that reason. Legislation designed to prevent the young men of the State from becoming drunkards is of paramount importance. Who does not know that as soon as a young man contracts the habit of an habitual drinker his life is blasted and every hope of usefulness destroyed? Any law, the tendency of which is to avert such calamities, is remedial in its character, and ought to be liberally construed by the courts in furtherance of its objects.

There is no error in this record, and the judgment appealed from must be affirmed.