Decided 31 July, 1899.

## STATE v. HAINES.

[58 Pac. 39.]

1. WHEN MUNICIPAL CHARTERS TAKE EFFECT.—A municipal corporation derives its existence from the legislative act creating it, which takes effect without acceptance, unless otherwise expressly required therein.

2. IMPLIED POWER—STATUTORY CONSTRUCTION.—A grant to a city of power to regulate and license the sale of liquors within the city limits necessarily carries with it the right to adopt ordinances licensing liquor selling, and prescribing a punishment for selling without a license.

3. JURISDICTION OF CIRCUIT COURT OVER CITY OFFENCES.—Where the legislature has established a city court to try offenders against the charter and ordinances of a municipality, the jurisdiction of such court is exclusive in the first instance, and the circuit court can only review the proceedings: Cunningham v. Berry, 17 Or. 622; State v. Dupuis, 18 Or. 372, and State v. Tamler, 19 Or. 528, cited.

From Harney :   MORTON D. CLIFFORD, Judge.

Fred Haines was convicted of selling intoxicating liquor without a license, and appeals.          REVERSED.

For appellant there was an oral argument by Mr. Lionel R. Webster.

For the state there was a brief and an oral argument by Messrs. D. R. N. Blackburn, Attorney-General, and William Miller, District Attorney.

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant Fred Haines was indicted for the crime of selling intoxicating liquors in less quantities than one gallon, without a license, alleged to have been committed in Harney County, October 10, 1898, by unlawfully selling to Robert Irving one quart of whiskey. The defendant having pleaded not guilty, and waived a trial by jury, the cause was submitted upon a stipulation of facts to the effect that he sold the said intoxicating liquor at the time, in the manner, in the quantity, and to the person as alleged ; that said sale was made in the Town of Harney, which then was, and now is, a duly incorporated municipality ; that at the time so charged an ordinance of said town, having been duly passed and approved, was in full force and effect, providing for the granting of licenses, upon certain conditions, to sell intoxicating liquors therein in less quantities than one gallon, but at that time no ordinance had been passed prescribing the punishment of persons convicted of selling such liquors therein without a license ; and that no license had ever been issued by the common council of said town to the defendant. The court thereupon found the facts as hereinbefore stated, and, as a conclusion therefrom, that defendant was guilty as charged in the indictment, and sentenced him to pay a fine of $250, from which judgment he appeals, assigning as error the action of the court in refusing to find him not guilty upon the evidence submitted.

1. The question presented for consideration by this appeal is whether the findings of fact support the judgment. It is argued by defendant's counsel that the common council of the Town of Harney, having been authorized by the act of incorporation to issue licenses to sell intoxicating liquors, was necessarily invested with

power to adopt ordinances providing for the punishment of persons convicted of selling such liquors without a license; and that, a municipal court having been created for said town, and invested with exclusive original jurisdiction to hear and determine all causes arising under the act of incorporation, or ordinances passed in accordance therewith, the circuit court for said county was without jurisdiction to try defendant, and hence erred in refusing to discharge him. Counsel for the state maintain, however, that the act incorporating said town was conditional, and of no binding force until its provisions were fully accepted, and that until an ordinance had been duly passed by the common council prescribing the punishment for selling intoxicating liquors without a license, the said circuit court possessed plenary power under the general law of the state to punish a person found guilty of unlawfully selling intoxicating liquors within the limits of said town. It is a sufficient answer to such argument to say that in this country a municipal corporation derives its existence from the act of the legislative assembly creating it, which takes effect without acceptance unless therein expressly required: Dillon, Mun. Corp. § 44.

2. Considering the case on its merits, the general license law of the state provides that no person shall sell spirituous or other liquors without first having obtained a license from the county court of the proper county, and prescribes a punishment for a violation thereof: Laws, 1889, p. 999, § 1, Hill's Ann. Laws, p. 1576, § 1. Section 11 thereof, however, reads as follows: "Nothing in this act shall be so construed as to apply in any manner to incorporated cities and towns in this state." The legislative assembly, as the guardian of the morals and conservator of the peace of the state, has exclusive control, and regulates the exercise, of the police power, delegating to municipal corporations such portions thereof as

it may deem expedient : Tiedeman, Lim. Police Pow. §
212 ; Dillon, Mun. Corp. § 363. The lawmaking power
has in emphatic language exempted incorporated towns
and cities of this state from the operation of the general
laws, and authorizes them to provide special legislation
for themselves, and when this is done there is no con-
flict between the ordinances of the municipality and the
general law as to such matters : Dillon, Mun. Corp. §
367. The legislative assembly has not only excluded
incorporated towns and cities from the operation of the
general license laws of the state, but in incorporating the
Town of Harney authorized its common council to regu-
late and license the sale of such liquors therein (Laws,
1891, p. 999, § 6, subd. 2), thereby leaving no room for
doubt as to which municipal corporation should exercise
this power within that territory. This delegation of
power necessarily confers upon the common council au-
thority to adopt ordinances, not only for licensing the
sale of intoxicating liquors, but prescribing a punishment
for selling such liquors without a license ; and such ordi-
nances have the force and effect of laws within the cor-
porate limits : Dillon, Mun. Corp. §§ 308, 393.

3. The legislative assembly has power to establish
municipal courts to administer the regulations of incor-
porated towns and cities (Const. Or. Art. VII, § 1), and,
having created the office of Recorder for the Town of
Harney, and invested that officer with power to hear
and determine all causes arising under the incorporation
act or the ordinances of said town passed in accordance
therewith, such delegation *ipso facto* deprived the circuit
court for said county of all power therein, except to
review the judgments of said recorder : *Cunningham* v.
*Berry*, 17 Or. 622 (22 Pac. 115); *State* v. *Dupuis*, 18 Or.
372 (23 Pac. 255); *State* v. *Tamler*, 19 Or. 528 (25 Pac.
71). True, there are certain crimes which, by reason of

their magnitude, were indictable and could be punished at the common law; and, in the absence of a statute prescribing a punishment for the commission of such crimes, it has been held that courts of general jurisdiction may enforce the common-law penalty : Bishop, Stat. Cr. §§ 138, 166. The sale of intoxicating liquor, however, was not a common-law crime (Bishop, Stat. Cr. § 985), and hence the circuit court for Harney County was without jurisdiction to try the defendant. It follows that the judgment is reversed, and the cause remanded, with instructions to discharge the defendant.

REVERSED.

Decided 2 October, 1899.