(66 Misc. Rep. 521.)

In re GAINSWAY.

(Supreme Court, Special Term, Oneida County.    March, 1910.)

NEWSPAPERS (§ 3*)—LOCAL OPTION—ELECTION—NOTICE—"PUBLISHED."
    Where a newspaper is entered as second-class matter at a post office at a certain town, to be distributed in the town in the first instance, and mailed to a large number of subscribers, and first distributed, circulated, and sold in that town, though printed elsewhere, it is "published" in that town within Liquor Tax Law (Consol. Laws, c. 34) § 13, requiring publication of notice of submission of questions relating to local option.
    [Ed. Note.—For other cases, see Newspapers, Dec. Dig. § 3.*
    For other definitions, see Words and Phrases, vol. 7, p. 5847.]

Application of Frank J. Gainsway for a special election, under the liquor tax law (Consol. Laws, c. 34). Petition dismissed.

R. B. Jones, for petitioner.
Porter L. Merriman, for State Commissioner of Excise.
James H. Merwin, for certain intervening taxpayers.

DE ANGELIS, J. This application was made on the 27th day of November, and the last brief was received December 29, 1909. As the propositions with reference to the sale of liquor were voted on at a general election, it is claimed by the petitioner that the certified copy of the petition filed with the town clerk was not filed in the office of the county clerk within five days after the original petition was filed in the town clerk's office. The proof satisfies me that the original petition was filed in the town clerk's office October 11th, and the certified copy filed in the county clerk's office October 16, 1909, and hence in time.

The petition also claims that the notice required by section 13 of the liquor tax law (Consol. Laws, c. 34) was not published. The statute provides that the notice "shall  *  *  *  be published at least five days before the vote is to be taken, once, in one newspaper published in the county in which such town is situate, which shall be a newspaper published in the town, if there be one."

The proof is satisfactory that the notice appeared in a printed newspaper known as the Remsen News which was circulated in the town

of Remsen at least five days before the election.    But the claim is that the Remsen News is not a newspaper published in the town of Remsen.    The proof shows that the Remsen News is a weekly newspaper, printed at some place other than in the town of Remsen, but entered as second-class matter in the town of Remsen, and mailed to a large number of subscribers in the post office at the village of Remsen and distributed, circulated and sold first in that village.    The newspaper itself shows that it is intended for the town of Remsen and to be uttered and distributed in the first instance in said town.    In my opinion at the time of the alleged publication it was a newspaper published in the town of Remsen, and the notice was legally published.

I think the petition must be dismissed.

An order to that effect may be submitted.

Ordered accordingly.