THE PEOPLE *ex rel.* William L. O'Connell, County Collector, Appellee, *vs.* FREDERICK P. READ, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*publication of appropriation ordinance is matter of right to tax-payers.* It is a matter of right to tax-payers that a tax appropriation ordinance shall be published either in a newspaper published in the municipality or by posting, so that they may have notice of the appropriations and be advised whether they are within the law and the power of the corporate authorities.

2. SAME—*newspaper is published where it is first issued to its subscribers.* Under the Federal statutes a publication, to be admitted as second-class matter, must have a known office of publication, and the place of publication, regardless of where the printing is done, is the place where it is first put in circulation to be delivered or sent to its subscribers.

3. SAME—*when newspaper must be regarded as issued in Chicago.* A newspaper stating that it is published "every Saturday morning in the interest of Morgan Park, Blue Island, and the entire country along the Blue Island ridge, in Chicago," and that it is entered as second-class matter "at the post-office at Chicago, Ill.," states its place of issue as Chicago, and it cannot be said to be issued in Morgan Park though a witness testifies that it is published in Morgan Park and is a paper of general circulation in such village and outside, but states no facts showing where it is first issued to the public.

4. SAME—*what does not affect the substantial justice of school taxes.* School taxes levied by school authorities lawfully authorized to levy them for a village should not be defeated by the fact

that pending the determination of the legality of a proceeding by which the village had been annexed to a city the city assumed jurisdiction of the schools of the village and maintained them at its own expense under an agreement that if the annexation were held invalid, as it subsequently was, the money so expended should be refunded by the village to the city.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

LLOYD S. BAILEY, and F. P. READ, for appellant.

FRANCIS S. WILSON, County Attorney, and WILLIAM F. STRUCKMANN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled objections of the appellant, Frederick P. Read, to the application of the county collector for judgment and order of sale for the taxes of 1911, levied by the village of Morgan Park for corporate purposes and to maintain a free public library and by the corporate authorities of two school districts in Cook county, one being district No. 131 and the other a high school district having the same boundaries, and entered judgment and order as prayed for. This appeal brings the record here for review.

There were objections to specific items of the tax levy of the village but there were two objections to the whole. One of these objections was, that the appropriation ordinance on which the tax was based was never published as required by law; and the other was, that the city of Chicago assumed jurisdiction over the property and affairs of the village and controlled and administered the municipal government therein during the entire fiscal year for which the appropriations were made. If either of these objections was good it was conclusive against the validity of

the tax, and it is immaterial whether the corporate authorities of the village could have levied a tax for certain purposes, if they did not, in fact, levy any.

Section 3 of article 5 of the general act for the incorporation of cities and villages provides that all ordinances making any appropriation shall, within one month after they are passed, be published at least once in a newspaper published in the city or village, or if no such newspaper is published therein, by posting notices of the same in three public places of the city or village, and that no such ordinance shall take effect until ten days after it is so published. The appropriation ordinance was published in a newspaper called *The Post.* The character of the newspaper and the place of publication appeared thereon, as follows: *"The Post,* by David Herriott, including *The Ridge Record.*—Published every Saturday morning in the interest of Morgan Park, Blue Island, and the entire country along the Blue Island ridge, in Chicago, by the Post Co. (not inc.)—Entered as second-class matter Nov. 19, 1910, at the post-office at Chicago, Ill., under the act of March 3, 1879." Under the Federal statutes a publication, to be admitted as second-class, must be issued from a known office of publication, and a newspaper is published where it is first issued to the public. The paper stated that it was so issued at the post-office at Chicago. It is immaterial where the printing is done, but the place of publication of a newspaper is the place where it is first put into circulation,—where it is first issued to be delivered or sent, by mail or otherwise, to its subscribers. (*Ricketts* v. *Village of Hyde Park,* 85 Ill. 110; *Village of Tonawanda* v. *Price,* (N. Y.) 64 N. E. Rep. 191; *State* v. *Bass,* 54 Atl. Rep. 1113; *Leroy* v. *Jamison,* 3 Sawy. 386; Fed. Cas. No. 8271.) A witness testified that *The Post* was published in Morgan Park and was a paper of general circulation in the village and outside, but the witness evidently understood that the paper was published in any com-

munity where it was generally circulated. He stated no facts showing where the paper was first issued to the public, which constitutes the place of publication, and his conclusion was not sufficient to overcome the evidence that the paper was not published in the village of Morgan Park. That village was no more the place of publication, according to the evidence, than the city of Blue Island and the entire country along the Blue Island ridge. The ordinance was not posted in the village, and not having been published as required by statute it never took effect as an ordinance. It is a matter of right that ordinances making appropriations shall be published either in a newspaper published in the municipality or by posting, so that tax-payers may have notice of the appropriations and may be advised whether they are within the law and the power of the corporate authorities. The court erred in overruling the objection to the tax levy of the village, based on the want of an appropriation ordinance.

The facts respecting the school taxes are, that on April 4, 1911, an election was held on the question of annexation of the village to the city of Chicago. On April 21, 1911, the city of Chicago entered upon the territory, claiming jurisdiction over the village and its property as a part of the city. Proceedings were instituted in the circuit court of Cook county to determine the validity of the election, and on January 30, 1912, a decree was entered declaring the election void. The school districts extended somewhat beyond the limits of the village, and the city of Chicago took charge of them and the schools were actually conducted and the expenses of maintenance paid by that city. After the decree it was agreed that if the annexation was declared illegal the city should be refunded the money expended in maintaining the schools. The schools were maintained under an agreement pending on appeal to this court, which resulted in an affirmance of the decree. The school authorities that levied the taxes objected to were legally authorized

to make the levies, and the fact that under the agreement the expenses of maintaining the schools which had been paid by the city of Chicago were to be refunded did not affect the substantial justice of the tax. In the uncertainty as to the proper jurisdiction over the schools the agreement was a natural and judicious one, in order that the schools should not be suspended or conflicts of authority arise, and the taxes come within the provision of the statute that a tax shall not be defeated on a ground that does not affect its substantial justice.

The judgment is affirmed so far as the school taxes are concerned and is reversed as to the taxes levied by the village of Morgan Park, and the cause is remanded to the county court, with directions to sustain the objections to the village taxes.

*Affirmed in part and remanded, with directions.*