INTERSTATE CREDIT CORPORATION, Respondent, vs. ELLSWORTH, Appellant.

*January 8—April 15, 1941.*

For the appellant there was a brief by *Jerome F. Treis,* attorney, and *John S. Barry* of counsel, both of Milwaukee, and oral argument by *Mr. Barry.*

For the respondent there was a brief by *Lester H. Gunsburg,* attorney, and *Poss, Toelle & Schuler* and *Joseph P. Brazy* of counsel, all of Milwaukee, and oral argument by *Mr. Brazy.*

The following opinion was filed February 4, 1941 :

FAIRCHILD, J.   Even if we were to assume that the negotiations were between Ellsworth and the Interstate Credit Corporation and that they warrant the claim that this was a loan by the Interstate Credit Corporation to Ellsworth, a question which we do not here decide, and that the interest charged was greater than the legal rate, the defense of usury could not be taken advantage of by appellant in the absence of a tender of the principal as required in such cases by sec. 115.08, Stats., which provides :

"Whenever any person shall apply to any court in this state to be relieved in case of a usurious contract or security, or when any person shall set up the plea of usury in any action instituted against him, such person to be entitled to such relief or the benefit of such plea shall prove a tender of the principal sum of money or thing loaned to the party entitled to receive the same."

The transactions between the interested parties are not affected by the terms of either sec. 115.09 (9), Stats., or ch. 214, sec. 214.01 *et seq.,* Stats. Those sections are in the nature of small-loans statutes and treat with negotiations leading up to contracts therein described. They regulate loans of lesser amounts than the amount here involved.   We

do not find it necessary at this time to interpret those sections. Loans outside the terms of those statutes, as this one, if it is a loan, certainly is, unquestionably are subject to the rule requiring the debtor to make a tender of the principal sum of money or thing loaned. No such tender was made in this case. Under the evidence the respondent was entitled to take the airplane.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 15, 1941.