McLOUGHLIN and wife, Appellants, vs. MALNAR and wife, Respondents.

*March 11—April 15, 1941.*

For the appellants there were briefs by *North, Bie, Duquaine, Welsh & Trowbridge,* and oral argument by *Alex Wilmer,* all of Green Bay.

For the respondents there was a brief by *Martin, Clifford & Dilweg* of Green Bay, and oral argument by *LaVerne F. Dilweg.*

FAIRCHILD, J. The practice of resorting to motions for summary judgment came into being to prevent delay in the entry of a judgment due to the interposition of unfounded, false, or frivolous answers. Unless it can be said from the pleadings and the disclosures made by affidavits that the counterclaim presents no cause of action or is false and frivolous, the motion should be denied. The circuit court was of the opinion that, giving the pleadings the benefit of a reasonable and liberal construction, a genuine and substantial issue of fact was shown to exist. Without discussing the merits of the claim embodied in the defendants' counterclaim, it may be said to be reasonably conceivable that without offending against the laws of usury one might be protected against a loss resulting from putting his property upon a low market in order to secure immediate funds for the borrower. The summary-judgment procedure is not calculated to supplant the demurrer, or motion to make pleadings more definite and certain, nor is it to be a trial on affidavits. It is aimed at a sham answer which is intended to secure a delay. *Sullivan v. State,* 213 Wis. 185, 191, 251 N. W. 251; *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 350, 355, 281 N. W. 697.

The question raised by appellants as to the necessity of proving a tender where an attack or defense is made on the ground of usury must be answered against them. The regulation of interest rates has been the subject of legislation since early in the history of mankind. At common law no rate of interest was illegal, in the absence of statutory enactment, unless it was so great as to be unconscionable. In this state the law with reference to the defense of usury has not

changed since 1872, so far as loans of the size of the one now under consideration is concerned. There was a period prior to that time when the statute provided that whenever any borrower shall commence an action "in the circuit court for the proper county, for the discovery of money . . . taken or received in violation of any of the provisions of this act, it shall not be necessary for him to pay or offer to pay any interest whatever on the sum or thing loaned; *nor shall any court require or compel the payment or deposit of the principal sum, or any part thereof,* as a condition of granting relief to the borrower in any case of usurious loan forbidden by this act." Sec. 6, ch. 160, Laws of 1859.

The above provision of the statute was eliminated by ch. 157, Laws of 1872, and since then the law has read as it reads today:

Sec. 115.08, Stats. "Whenever any person shall apply to any court in this state to be relieved in case of a usurious contract or security, or when any person shall set up the plea of usury in any action instituted against him, such person to be entitled to such relief or the benefit of such plea *shall prove a tender of the principal sum of money or thing loaned* to the party entitled to receive the same."

The suggestion that ch. 408, Laws of 1929, repealed the statute just quoted overlooks the fact that the legislation was dealing with loans of a certain amount made under prescribed circumstances. Although there are words in the act general in their scope, there is nothing which would warrant a ruling that sec. 115.08, Stats., was repealed. While repeals by implication are recognized, they do not result except when the intent of the legislature clearly appears. The law does not favor a repeal of an older statute by a later one by mere implication. As said in *Winslow v. Morton,* 118 N. C. 486, 491, 24 S. E. 417: "The implication, in order to be operative must be necessary, and if it arises out of repugnancy between the two acts, the later abrogates the older only to the extent

that it is inconsistent and irreconcilable with it. [Citing cases.] A later and an older statute will, if it is possible and reasonable to do so, be always construed together, so as to give effect not only to the distinct parts or provisions of the latter, not inconsistent with the new law, but to give effect to the older law as a whole, subject only to restrictions or modifications of its meaning, where such seems to have been the legislative purpose." The doctrine of that case has generally been followed and it means that it is the duty of the court to construe the acts if possible that both shall be operative. *State v. Dupuis,* 18 Or. 372, 23 Pac. 255; 1 Lewis' Sutherland Statutory Construction (2d ed.), p. 466, § 247; Crawford, Statutory Construction, p. 194, § 135; p. 196, § 137; *Milwaukee County v. Halsey,* 149 Wis. 82, 88, 136 N. W. 139; *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 359, 146 N. W. 492.

In their reply brief appellants seek to make the point that there is an improper classification in the statutes as interpreted in the case of *Interstate Credit Corp. v. Ellsworth, ante,* p. 380, 296 N. W. 57. It is considered the point is not well taken. The general law upon the subject of defense from usury has been changed only as exceptions have been created in the small-loan statutes. As these small-loan statutes are not applicable here, because of the amount involved, they are not considered. The state's classification of moneylenders and its dealing differently with the different classes has been approved where the classification is reasonable and based upon some purpose germane to the statute creating the classification, and where all in the same class are treated uniformly.

We are of the opinion that this is not a proper case for the granting of a summary judgment.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.