Action begun January 19, 1949, by Thomas G. Madigan, on behalf of himself and all other taxpayers of the city of Onalaska against the city of Onalaska, its mayor and common council, and Everett B. Lund for an injunction against using the Holmen Times as the official newspaper of the city of Onalaska. From an order of June 13, 1949, denying plaintiff's motion for summary judgment, plaintiff appeals.
This is a taxpayer's action brought by Thomas G. Madigan, owner and publisher of the La Crosse County Record, to enjoin the use of the Holmen Times, owned and published by defendant, Everett B. Lund, as the official newspaper of Onalaska. Prior to December 14, 1948, the La Crosse County Record, which was published in Onalaska, had been the city's official newspaper. *Page 400 
Plaintiff contended that the common council had designated the Holmen Times as the official newspaper for the publication of city advertising and of council proceedings in violation of sec. 62.10 (2), Stats., because the Times is not published in Onalaska. Sec. 62.10 (2) provides in part:
"In cities of the fourth class, the council, . . . shall designate one or more newspapers published in the city, if any, . . ."
The mayor and common council answered denying that the Holmen Times is not published in Onalaska and stating that in determining whether the La Crosse County Record had a circulation of three hundred as required by sec. 331.20, Stats., they found that in the certificate of circulation for October 10, 1946, the number of circulation was omitted and in that of October 23, 1947, and October 7, 1948, the type was so battered that the number could not be determined, and that they were informed and believed that the omission and battered type was for the purpose of deceiving the city of Onalaska and that on such evidence it was determined that the La Crosse County Record was not qualified.
Sec. 331.20, Stats., provides in part:
"Legal notices, newspapers eligible to publish. (1) No publisher of any newspaper . . . shall be awarded or be entitled to any compensation or fee for the publishing of any legal notice, advertisement or report of any kind . . . unless, for at least two years immediately before the date of such notice, advertisement or report, such newspaper . . . has had a bona fide paid circulation to actual subscribers of not less than three hundred copies at each publication, if in villages or in cities of the third and fourth class, . . ."
The plaintiff moved for summary judgment. The trial court denied the motion, and plaintiff appeals.
"The practice of resorting to motions for summary judgment came into being to prevent delay in the entry of a judgment due to the interposition of unfounded, false, or frivolous answers." McLoughlin v. Malnar (1941),237 Wis. 492, 495, 297 N.W. 370. In the case at bar the answer of the respondent merely stated a conclusion that the La Crosse County Record did not have sufficient circulation to enable it to qualify as the official newspaper of Onalaska. However, appellant's remedy was not a motion for summary judgment; it was one to make more definite and certain. The procedure provided by sec. 270.635, Stats., the summary-judgment statute, is not calculated to supplant the demurrer or motion to make pleadings more definite and certain. The proceeding is aimed at a sham pleading which is without merit. McLoughlin v. Malnar, supra. Under that statute the court is concerned with whether an issue exists which ought to be tried. If the court upon the showing made deems that sufficient appears to entitle the other party to a trial or that by demurrer or motion to make a pleading more definite and certain the real issue may be brought forward, the motion for summary judgment should be denied. For then, "the trial, and not the pleadings, must settle the dispute in [the] case." Van Der Werken v. Katz (1929), 227 App. Div. 820,237 N.Y. Supp. 913.
Furthermore, plaintiff's affidavit in support of summary judgment is inadequate. He is relying on a conclusion of law that his newspaper is legally qualified. He states, "that the said La Crosse County Record was at all times and is now a legal newspaper qualified in all respects to be the official newspaper *Page 402 
for the city of Onalaska, Wisconsin." Although a controlling fact so far as its qualification is concerned is the existence of a "bona fide paid circulation to actual subscribers of not less than three hundred copies at each publication," he states no evidentiary facts in that regard. The law is well established that such a statement cannot support a summary judgment. Sec. 270.635 (2), Stats.; Schau v. Morgan
(1942), 241 Wis. 334, 6 N.W.2d 212. Our conclusion is that the trial court properly denied the motion for summary judgment.
The parties have argued vigorously the question of where the Holmen Times is published. It is conceded that the Holmen Times is first distributed to the public at Holmen. A study of the cases convinces us that a newspaper is published at the place at which it is first distributed to the public regardless of the place of printing. Bardwell v. Clinton (La.App. 1938), 180 So. 148; State v. Bass (1903), 97 Me. 484,54 A. 1113; In re Gainsway (1910), 123 N.Y. Supp. 966; see also Drainage Dist. No. 9 v. Merchants' and Planters'Bank (1928), 176 Ark. 474, 2 S.W.2d 1079; People v.Read (1912), 256 Ill. 408, 100 N.E. 230; Addison v. AmiteCity (La.App. 1935), 161 So. 364. Therefore, the only question to be determined below will be whether the La Crosse County Record has the requisite circulation.
By the Court. — Order affirmed.