MADIGAN, Appellant, vs. CITY OF ONALASKA and others, Respondents.

*January 12—February 7, 1950.*

For the appellant there were briefs by *Hale, Skemp &
Nietsch* and *James J. Bannen,* all of La Crosse, and oral
argument by *Mr. Quincy H. Hale* and *Mr. Bannen.*

For the respondents there was a brief by *Bosshard & Arneson* and *Steele, Mau & Toepel,* all of La Crosse, and oral argument by *Philip G. Arneson.*

A brief was filed on behalf of the Wisconsin Press Association by *Roberts, Roe & Boardman* of Madison, as *amicus curiæ.*

FAIRCHILD, J. "The practice of resorting to motions for summary judgment came into being to prevent delay in the entry of a judgment due to the interposition of unfounded, false, or frivolous answers." *McLoughlin v. Malnar* (1941), 237 Wis. 492, 495, 297 N. W. 370. In the case at bar the answer of the respondent merely stated a conclusion that the La Crosse County Record did not have sufficient circulation to enable it to qualify as the official newspaper of Onalaska. However, appellant's remedy was not a motion for summary judgment; it was one to make more definite and certain. The procedure provided by sec. 270.635, Stats., the summary-judgment statute, is not calculated to supplant the demurrer or motion to make pleadings more definite and certain. The proceeding is aimed at a sham pleading which is without merit. *McLoughlin v. Malnar, supra.* Under that statute the court is concerned with whether an issue exists which ought to be tried. If the court upon the showing made deems that sufficient appears to entitle the other party to a trial or that by demurrer or motion to make a pleading more definite and certain the real issue may be brought forward, the motion for summary judgment should be denied. For then, "the trial, and not the pleadings, must settle the dispute in [the] case." *Van Der Werken v. Katz* (1929), 227 App. Div. 820, 237 N. Y. Supp. 913.

Furthermore, plaintiff's affidavit in support of summary judgment is inadequate. He is relying on a conclusion of law that his newspaper is legally qualified. He states, "that the said La Crosse County Record was at all times and is now a legal newspaper qualified in all respects to be the official news-

paper for the city of Onalaska, Wisconsin." Although a controlling fact so far as its qualification is concerned is the existence of a "*bona fide* paid circulation to actual subscribers of not less than three hundred copies at each publication," he states no evidentiary facts in that regard. The law is well established that such a statement cannot support a summary judgment. Sec. 270.635 (2), Stats.; *Schau v. Morgan* (1942), 241 Wis. 334, 6 N. W. (2d) 212. Our conclusion is that the trial court properly denied the motion for summary judgment.

The parties have argued vigorously the question of where the Holmen Times is published. It is conceded that the Holmen Times is first distributed to the public at Holmen. A study of the cases convinces us that a newspaper is published at the place at which it is first distributed to the public regardless of the place of printing. *Bardwell v. Clinton* (La. App. 1938), 180 So. 148; *State v. Bass* (1903), 97 Me. 484, 54 Atl. 1113; *In re Gainsway* (1910), 123 N. Y. Supp. 966; see also *Drainage Dist. No. 9 v. Merchants' and Planters' Bank* (1928), 176 Ark. 474, 2 S. W. (2d) 1079; *People v. Read* (1912), 256 Ill. 408, 100 N. E. 230; *Addison v. Amite City* (La. App. 1935), 161 So. 364. Therefore, the only question to be determined below will be whether the La Crosse County Record has the requisite circulation.

*By the Court.*—Order affirmed.