JICHA, Appellant, v. KARNS, Administrator, Division of Motor Vehicles, Respondent.

*No. 330.  Argued June 6, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 691.)

For the appellant there was a brief and oral argument by *John W. Flood* of Wausaukee.

For the respondent the cause was argued by *E. Gordon Young,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Richard E. Barrett,* assistant attorney general.

BEILFUSS, J. The question presented in this appeal is whether the administrator's revocation of a chauffeur's license upon a conviction for operating a motor vehicle after revocation of regular driving privileges is a ministerial act and not subject to review.

The following statutory provisions are the subject of the controversy:

"**343.31 Mandatory revocation of licenses after certain convictions.** (1) The commissioner shall forthwith revoke a person's operating privilege upon receiving a record of

conviction showing that such person has been convicted of any of the following offenses under a state law or under a local ordinance which is in conformity therewith, except that if a person licensed as a chauffeur was convicted for operation of a motor vehicle while under the influence of intoxicating liquor and such person was not operating a vehicle as a chauffeur at the time of such offense, only his regular license shall be revoked as provided in this section but his chauffeur's license shall be suspended for 15 days:

" . . .

"(f) Operating a motor vehicle while operating privileges are suspended or revoked.

" . . .

"(3) All revocations under this section shall be for a period of one year."

"340.01 (40) 'Operating privilege' means, in the case of a person who is licensed under ch. 343, every license so granted to such person; in the case of a resident of this state who is not so licensed, it means the privilege to secure a license under ch. 343; in the case of a nonresident, it means the operating privilege granted by s. 343.05 (2) (c)."

"343.32 **Other grounds for revocation of licenses.** (1) . . .

"(2) The commissioner may suspend or revoke a person's operating privilege if such person appears by the record of the department to be an habitually reckless or negligent operator. . . . In regard to convictions which are not by themselves grounds for mandatory revocation of a license, such rule shall provide that demerit points accumulated when a person is not operating a vehicle as a chauffeur shall not be counted against his chauffeur's license but such rule may provide that demerit points accumulated by a person when operating a vehicle as a chauffeur shall be counted against his regular license. When a person who has had his regular license revoked continues to operate as a private operator and who also has a chauffeur's license and is convicted of any traffic violation, 12 demerit points shall be assigned against his chauffeur's license."

The appellant's argument in substance is that the last sentence of sec. 343.32 (2), Stats., is the governing stat-

ute and that it requires not only the operator be apprehended driving as a private operator after revocation of his regular license, but also that he be convicted of a traffic violation. Appellant contends this statutory provision and sec. 343.31 are in direct conflict. The last sentence of sec. 343.32 (2) was enacted in 1959, several years after the enactment of sec. 343.31, and appellant submits the later enacted statute must supersede the earlier enacted provisions.

This argument would prevail if the two statutes were in conflict and could not be reconciled. However, repeal or amendment by implication is not favored if they can be reconciled.

"The law does not favor a repeal of an older statute by a later one by mere implication. As said in *Winslow v. Morton,* 118 N. C. 486, 491, 24 S. E. 417: 'The implication, in order to be operative must be necessary, and if it arises out of repugnancy between the two acts, the later abrogates the older only to the extent that it is inconsistent and irreconcilable with it. [Citing cases.] A later and an older statute will, if it is possible and reasonable to do so, be always construed together, so as to give effect not only to the distinct parts or provisions of the latter, not inconsistent with the new law, but to give effect to the older law as a whole, subject only to restrictions or modifications of its meaning, where such seems to have been the legislative purpose.' The doctrine of that case has generally been followed and it means that it is the duty of the court to construe the acts if possible that both shall be operative. *State v. Dupuis,* 18 Or. 372, 23 Pac. 255; 1 Lewis' Sutherland Statutory Construction (2d ed.), p. 466, sec. 247; Crawford, Statutory Construction, p. 194, sec. 135; p. 196, sec. 137; *Milwaukee County v. Halsey,* 149 Wis. 82, 88, 136 N. W. 139; *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 359, 146 N. W. 492." *McLoughlin v. Malnar* (1941), 237 Wis. 492, 496, 497, 297 N. W. 370.

Sec. 343.32 (2), Stats., provides for the so-called point system. The statute provides that the administrator "may suspend or revoke a person's operating privilege" under

conditions set forth in the statute. The last sentence of the section can apply in an instance where the records in the hands of the administrator reveal that an individual's private operator's license has been revoked or suspended and that he has a valid chauffeur's license in effect and, further, during the period of suspension or revocation another traffic violation (which does not call for mandatory revocation as a private operator) is reported to the administrator. The fact that the operator might have been or should have been convicted of operating a private vehicle while his operating license is suspended or revoked does not require the administrator to forthwith revoke the operating privilege. It is only when the administrator received a record of conviction of the offenses listed in sec. 343.31 that his action is mandatory and ministerial. In this case the administrator did receive a record of conviction encompassed within sec. 343.31. He had no discretion; it was mandatory he revoke the operating privilege of the appellant, including his chauffeur's license.

Both secs. 343.31 and 343.32 (2), Stats., can be applied in varying situations and the latter does not therefore supersede the former.

Because we have determined that the acts of the administrator were mandatory and not discretionary and, therefore, ministerial, they are not subject to review.

"Where revocation is required by the statute, without discretion on the part of the commissioner, the commissioner's act is ministerial, and is not subject to review. *Burk v. Commissioner of Motor Vehicles* (1959), 8 Wis. (2d) 620, 99 N. W. (2d) 726." *Carlyle v. Karns* (1960), 9 Wis. 2d 394, 398, 101 N. W. 2d 92.

The respondent, in his brief, states:

"Although the administrator's acts are not subject to review in the same manner as are those of an administrator with discretionary powers, this court may review

the record to assure itself that evidence existed to require the mandatory act from which the appeal was made."

We agree with this limitation of the rule.

*By the Court.*—Judgment affirmed.