GERALD L. ENGELDINGER, Corporation Counsel, Winnebago County
You state:
"I have received a request from Mr. Roger Thomas, Winnebago County Register in Probate, for an opinion concerning the filing fee collectible by him in survivorship proceedings pursuant to Wis. Stats., Sec. 253.34, in light of recent Wisconsin legislative action creating Wis. Stats., Sec. 72.12 (6).
"Chapter 72, Wisconsin Statutes, was recreated by Chapter 310, Laws of 1971, State of Wisconsin. As a result of this act, except for a few indicated exceptions, inheritance tax applies to the full value of property transferred in a survivorship proceedings. This is a substantial departure from prior statutory provisions relating to the valuation of property transferred in such proceedings.
"Sec. 253.34 (1)(a), in the last paragraph, indicates the fees to be paid in survivorship proceedings shall be based on the value of the property passing to the survivors. What then is the value of the property passing to the survivors? If only the value of the decedent's property interest passes to survivors, how can inheritance tax be based on the full value of the property transferred rather than the decedent's interest? Is it possible to have a different value on property passing to survivors for purpose of determining fees under Sec. 253.34 than the value which is subject to inheritance tax under Chapter 72?
"My research has not produced answers to the foregoing questions. I believe, however, that the answers to these questions are of state-wide concern and, therefore, am requesting that the Attorney General's Office render an opinion in this regard. As I understand, there is not uniformity amongst the counties concerning fees charged by Registers in Probate in these survivorship proceedings."
In substance, you are asking: Does the 1971 Legislature's enactment of ch. 310, which among other things repealed sec.72.01 (6), Wis. Stats., and created sec. 72.12 (6), Wis. Stats., altering the basis for imposition of inheritance tax on joint or survivorship *Page 34 
interests in property, have the effect of amending sec. 253.34 (1) (a), Wis. Stats., which deals with filing fees collected by the register in probate in probate matters, especially fees in survivorship proceedings?
The answer is no.
Section 253.34 (1) (a), Wis. Stats., has not been amended. It provides, in part:
". . . The fees fixed in this paragraph shall also be paid in survivorship proceedings and in such survivorship proceedings the value shall be based on the value of the property passing to the survivors."
The law does not favor repeal or amendment of a statute by implication if the two statutes involved can be reconciled. Jichav. Karns (1968), 39 Wis.2d 676, 680, 159 N.W.2d 691.
These statutes can be reconciled. The new sec. 72.12 (6), Stats., specifically changed the rules (which were previously set out in sec. 72.01 (6), Stats.) for the imposition of inheritance tax on transfer of survivorship interests. There is no indication of any legislative intent to change other statutory rules; for example, those dealing with the characteristics of joint tenancy and what legal interest in property passes to the survivors upon the death of a joint tenant. This is controlled by sec. 700.17
(2), Stats., which now provides:
"Each of 2 or more joint tenants has an equal interest in the whole property for the duration of the tenancy, irrespective ofunequal contributions at its creation. On the death of one of 2 joint tenants, the survivor becomes the sole owner; on the death of one of 3 or more joint tenants, the survivors are joint tenants of the entire interest." (Emphasized language added by ch. 66, Laws of 1971.)
Indeed, if further evidence is needed, the 1971 amendment to sec. 700.17 (2), Stats., is persuasive that there was no legislative intent to conform the rules as to ownership and descent of survivorship interests to the rules for inheritance tax imposition on these interests.
Accordingly, you are advised that ch. 310, Laws of 1971, which repealed sec. 72.01 (6), Stats., and replaced it with sec. 72.12 (6), Stats., and dealt with imposition of inheritance tax on survivorship *Page 35 
interests in property, did not operate to amend sec. 253.34 (1) (a), Stats., dealing with probate filing fees.
RWW:JEA