## Ela vs. Bankes.

LANDLORD AND TENANT. *When statutory remedy for unlawful detainer applicable.*

1. The remedy given by section 12 of the forcible entry and detainer act (R. S., ch. 151), extends only to cases where the tenant, *at and before the time of demand made* in writing that he deliver possession, is holding over after the determination of the lease, or contrary to its conditions and covenants, or after rent has become due according to its terms and remained unpaid for three days; i. e., where he is a *wrong-doer* at the time of such demand made.

2. A lease of a farm for five years from October 1, 1870, provided that it should be "subject to termination by a sale of the farm," and that in such case the lessee was "to be fully compensated for any crops or work performed, involved in the farm being required in the course of an unfinished year." The lessor having sold and conveyed the farm in May, 1872, the purchaser, in July following, served a written notice on the lessee (being the first notice given him of such sale and conveyance) demanding that he deliver possession within three days thereafter. *Held*, that said section 12 did not apply to the case, the lessee having been *rightfully in possession* when the notice was given; and the summary proceeding, as for an unlawful detainer, would not lie against him.

APPEAL from the Circuit Court for `Racine` County.

The following statement of the case was originally prepared by DIXON, C. J., as a part of his opinion therein.

This is an action of unlawful detainer, instituted before a justice of the peace, and carried thence by appeal to the circuit court for Racine county, where, upon trial in that court, judgment of nonsuit was rendered against the plaintiff, from which judgment this appeal is taken. The defendant is tenant in possession of the premises in controversy, under a lease from one Richard E. Ela, the former owner. The lease was executed October 1, 1870, and was for the term of five years from that date, subject, however, to be determined upon a sale of the premises by the lessor before the expiration of such term. The stipulation for such determination was in these words: "This agreement is subject to termination by a sale of the farm. *Bankes* in such case is to be fully compensated for any crops or work performed, involved in the farm being required in the course of an unfinished year." Richard E. Ela, the lessor, sold and conveyed the premises to the plaintiff, *Emily C. Ela*, by deed bearing date April 30th, and acknowledged May 25, 1872. On the 22d day of July, 1872, the plaintiff caused written notice to be served on the defendant, demanding that he deliver possession of the premises within three days thereafter, "for the reason that said lease terminated and the term expired by the sale of the farm as above stated, and upon notice given to him of such sale and of the termination of the lease." No other notice was given the defendant than that just referred to; and on the 1st day of August following this action was commenced before the justice of the peace.

*Fish & Lee*, for appellant, stated that the sole reason assigned by the circuit judge for granting the nonsuit was, that the deed from Richard C. Ela to the plaintiff (who was his wife), though valid in equity, was *void at law*. They therefore argued at length the question of the legal validity of such deed, and its effect in evidence as showing a *sale* of the premises, and that

plaintiff, as assignee of the reversion, was entitled to maintain the action under sec. 12, ch. 151, R. S.

*Van Buskirk & Ritchie* (with *Chas. E. Dyer*, of counsel), for respondent, argued at length that there had been no valid sale and conveyance of the land. They further argued that, even if the sale and conveyance were valid, the defendant thereby became a tenant at will or by sufferance of the plaintiff (2 Bläck. Com., 145, 150 ; 4 Kent's Com., 111–117), and was entitled, under our statute, to thirty days' notice to quit. R. S., ch. 91, sec. 2 ; *Rowan v. Lytle*, 11 Wend., 617 ; 4 Kent's Com. (11th ed.), *114, note (e) ; 2 Parsons on Con. (3d ed.), 432.

DIXON, C. J. The case turns, in the judgment of this court, upon the insufficiency of the notice, or its inapplicability under the statute to the circumstances disclosed ; and since this is so, no other question will be considered.

The notice was given and suit instituted in pursuance of the provisions of the twelfth section of the forcible entry and unlawful detainer statute, which reads as follows : " When any person shall hold over any lands, tenements or other possessions, after the determination of the time for which they are demised or let to him or her, or to the person under whom he or she holds possession, or contrary to the conditions or covenants of the lease or agreements under which he or she holds, or after any rent shall have become due according to the terms of such lease or agreement, and shall remain unpaid for the space of three days, in all such cases, if the lessor, his heirs, executors, administrators, assigns or attorney, shall make demand in writing of such tenant, or, in case he or she cannot be found in the county, then upon any member of his family of suitable age and discretion, that he or she shall deliver possession of the premises held as aforesaid, and if such tenant shall refuse or neglect, for the space of three days after such demand, to quit the possession of such lands or tenements or to pay the rent therefor so due and unpaid as aforesaid, upon complaint thereof to any jus-

tice of the peace of the proper county, the justice shall proceed to hear, try and determine the same, in the same manner as in other cases hereinbefore provided for : *provided*, that in all cases mentioned in this section, the justice shall impose no fine upon such tenant." R. S., ch. 151, sec. 12; 2 Tay. Stats, 1756, § 12.

It is plain from the reading of the foregoing section, that the notice and proceeding provided for by it are inapplicable to a case like the present. The remedy there given extends and can be applied only to cases where the tenant, *at and before the time of demand in writing made*, is holding over after the deter· mination of the lease, or contrary to its conditions or covenants, or after rent has become due according to its terms and remained unpaid for the space of three days. In such cases, and such alone can the summary proceeding there prescribed be resorted to. It is given when the person in possession has violated the terms of his lease or of the agreement under which he entered, and so is considered in some sense a wrongdoer at the time the possession is demanded. The landlord is authorized to make the demand because of such wrong already committed to the knowledge of the tenant committing it, and the expeditious remedy is provided to oust such a tenant. The defendant in this case was *rightfully*, and not wrongfully, holding possession of the premises at the time the demand in question was made upon him; and hence he was not subject to such demand, nor to the summary process which follows in case of disobedience of it when lawfully made. It would be a grossly oppressive and unjust perversion of the process to apply it to such a case. It was never so intended, but only applies in the cases above described, where the tenant holds in violation of the conditions or covenants of his lease at the time of the demand. And the short notice to quit, or demand of possession within three days, can only be made in cases of the same kind. The demand here was insufficient to put an end to the tenancy.

*By the Court.*— Judgment affirmed.

On a motion for a rehearing, plaintiff's counsel argued that the words in the lease, "This agreement is subject to termination by a sale of the farm," etc., are words of *limitation*, and, on the sale being made, the lessee's estate terminated absolutely, *ipso facto* and without any notice. Taylor's L. & T., sec. 465; 4 Kent's Com., 126–132; *Miller v. Levi*, 44 N. Y., 491; *Parmalee v. R. R. Co.*, 2 Seld., 74, 80, and cases there cited; *Beach v. Nixon*, 5 id., 36, 37; Ba. Abr., 176; 1 Washb. R. P., *458; 2 id., 259; 2 Black. Com., 156; *Mungle v. Boston*, 3 Allen, 230.

The defendant's counsel contended, in reply, that the words of the lease relied on by the plaintiff are not properly either a *condition* or a *limitation*, but should rather be construed as a *covenant* by the lessee to hold, in case of a sale of the premises, at the will of the purchaser. 4 Kent, *132.

The motion for a rehearing was denied at the June term, 1873.