MARCH, Respondent, vs. VOORSANGER, Appellant.

*December 6, 1945—January 8, 1946.*

For the appellant there was a brief by *Robert A. Hess,* attorney, and *Bertram Hoffman* of counsel, both of Milwaukee, and oral argument by *Mr. Hess.*

*Charles L. Mullen* of Milwaukee, for the respondent.

FAIRCHILD, J.   Defendant raises three issues on this appeal.   He contends, (1) that the civil court was in error when it denied defendant's plea in bar; (2) that the court committed prejudicial error in refusing to grant a continuance; and (3) that there is no evidence that a notice to quit was served upon the defendant timely.

The record shows that an unlawful-detainer action between the same parties had been commenced July 5, 1944, and that an appeal from an order dismissing the complaint was pending in circuit court at the time the instant action was begun. However, that action was for an unlawful detention by defendant Voorsanger as of June 1, 1944, and hence there was no identity of subject matter and consequently no bar existed.

It is considered that the court did not commit prejudicial error in refusing to grant an adjournment.   There had already been one continuance.   Sec. 291.08, Stats., provides that the justice may, in his discretion, adjourn any such trial (unlawful detainer) but not beyond six days after the return day of the summons unless all the parties thereto agree to such adjournment; but if the defendant or his agent shall make the oath required by sec. 301.40, and give an undertaking, a further adjournment not exceeding ninety days may be allowed. No such affidavit or undertaking was produced.   Sec. 301.40 provides for a second adjournment where the party so requesting shall satisfy the justice by his oath that he cannot safely proceed to trial for want of some material witness or testimony. No special provision for adjournment was made in order to

allow an adverse examination. Hence, unless there is an absolute right to an adverse examination under the statutes, the court was correct in refusing to grant another adjournment. Although sec. 326.12 provides for the taking of an adverse examination as a matter of course, upon notice to the opposing parties of at least five days, the nature of unlawful-detainer actions and the statutory provisions governing, impel the conclusion that there is no absolute right of adverse examination in such causes. In the first place, the unlawful-detainer action is summary. *Ela v. Bankes* (1873), 32 Wis. 635. In the second place, since sec. 291.08 provides for an adjournment of only six days and a notice of adverse examination requires five days, it would be difficult to obtain and complete an adverse examination within the time allowed. Hence, it is likely that the legislature did not contemplate an adverse examination in unlawful-detainer cases, at least in the failure to show an actual necessity therefor. Where a general provision is repugnant to a special provision covering the same subject, the special provision takes precedence over the general. *Boyle v. Larzelere* (1944), 245 Wis. 152, 159, 13 N. W. (2d) 528. Other jurisdictions have denied the right of adverse examination in summary actions. *Dubowsky v. Goldsmith* (1922), 202 App. Div. 730, 202 App. Div. 818, 195 N. Y. Supp. 67; *Inter-City Apartment House v. Kern* (1925), 125 Misc. 921, 212 N. Y. Supp. 284. The trial court was not bound to allow an adjournment for an adverse examination in the first instance. Hence, there could be no prejudicial error in failing to permit an adjournment when the defendant was unable to procure the adverse examination within the time set by the court.

As to the third contention of defendant—that there is no evidence of notice to quit served timely upon defendant, the testimony reveals that although Herman L. March was unable to place the precise date of service, it was, in any event, shown to have been made within the necessary time.

*By the Court.*—Judgment affirmed.