ESTATE OF ZELLER: STATE, Appellant, v. MARSOLEK, Executor, Respondent.

*No. 303.   Argued June 5, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 599.)

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the briefs were *Bronson C. La Follette,* attorney general, and *Richard E. Williams,* inheritance tax counsel, of counsel.

For the respondent there was a brief by *Fugina, Kostner, Ward, Kostner & Galstad* and *William N. Koslo,* all of Arcadia, and oral argument by *Mr. Koslo.*

CONNOR T. HANSEN, J. The issue in this case concerns the interpretation and application of sec. 72.15 (11), Stats.,[1] as it relates to an application for a rehearing on the determination of inheritance tax.

---

[1] "72.15 Hearing and determination of tax.

". . .

"(11) REHEARING IN COUNTY COURT. The attorney general, department of taxation, public administrator, district attorney, or

The question of the actual amount of inheritance tax to be paid is not before us. However, an examination of the briefs and record reflects that an improper percentage figure was inadvertently used in computing the inheritance tax on one bequest. As a result, the appellant filed an application for a redetermination of the inheritance tax, which application alleges the tax to be more than the amount originally determined.

A notice of hearing for the determination of inheritance tax was properly and timely served. On January 3, 1967, a hearing was held pursuant to the notice. The public administrator appeared at the hearing and made the following statement in open court and on the record:

"I have no questions. I have had an opportunity to examine the account. There is a normal tax in the amount of $8,723.27 and an emergency tax in the amount of $2,616.98 for a total tax of $11,340.25, and the date of death is November 29, 1965 [sic]." [2]

That same date the inheritance tax order was entered, which order determined the taxes due as computed and set forth in the notice of hearing.

January 13, 1967, a copy of the order so determining the inheritance tax was mailed to the Wisconsin Department of Taxation.

On or about January 24, 1967, the executor distributed the residue of the estate in accordance with the judgment of the court dated January 3, 1967.

---

any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the county court within six months from the fixing, assessing, and determination of the tax by the county court as herein provided on filing a written notice which shall state the grounds of the application for a rehearing. *The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearings as herein provided and a new trial shall not be had or granted unless specially ordered by the county court.*" (Emphasis added.)

[2] Other documents in the record reflect the date of death of testator to be November 20, 1965.

February 8, 1967, the department of taxation notified the attorneys for the executor that the department did not concur in the amount of the tax as determined by the January 3, 1967, order.

June 21, 1967, the state applied to the county court for a rehearing and redetermination of the inheritance tax as it related to the one specific bequest, on the ground that such tax had been incorrectly determined. It is undisputed that the department of taxation applied for rehearing and redetermination of the tax and filed its petition therefor within six months of the date of the entry of the order determining inheritance tax. Pursuant to this application, a hearing was held on June 23, 1967, and thereafter the county court entered an order denying the petition for rehearing to determine the inheritance tax.

It is from this order that the state now appeals.

The trial court in its memorandum opinion determined that the granting of the order for rehearing under sec. 72.15 (11), Stats., was within the judicial discretion of the trial court. The well written opinion of the trial court enumerates several reasons for denying the state's application for rehearing and redetermination of the inheritance tax.

We have carefully considered the decision of the trial court and, in view of the specific language of the statute, have come to the conclusion that a rehearing and redetermination of inheritance tax based upon a timely and properly filed application for such a rehearing is not subject to judicial discretion. We cannot interpret the language of sec. 72.15 (11), Stats., in such a manner so as to prohibit a rehearing when the original tax order is based upon alleged error in computation and when the application for rehearing is timely.

Sec. 72.15 (11), Stats., does specifically grant the trial court judicial discretion as to whether a new trial should be granted in conjunction with such rehearing. Absent

such a discretionary order of the court granting a new trial, a rehearing should be granted upon the records, proceedings, and proofs taken at the time of the hearing on the order determining the tax. The statute grants the right to a rehearing to any interested party dissatisfied with the appraisement or *assessment and determination* of the tax.

In *Estate of Kirsh* (1955), 269 Wis. 32, 68 N. W. 2d 455, 69 N. W. 2d 495, one half of the value of bonds owned jointly by the decedent and his sons and purchased by the decedent within two years of his death, was erroneously excluded from the valuation of decedent's estate for inheritance tax purposes. This court determined that the county court had no jurisdiction to redetermine the tax because the state's application for rehearing was not brought within the period specified in sec. 72.15 (11), Stats. In reaching such decision this court reasoned:

". . . What the county court is required to do under ch. 72, Stats., is determine the value of an estate which is taxable under the inheritance-tax laws. If on the original hearing the value of an estate for tax purposes has been erroneously determined, sec. 72.15 (11), Stats., permits a rehearing, and we cannot see that it makes any difference whether such erroneous determination has been brought about by the omission of property *or otherwise.*" (Emphasis added.)

At the time of the *Kirsh* decision, sec. 72.15 (11), Stats., required that the application for rehearing be brought within sixty days. Ch. 288, Laws of 1959, enlarged the sixty-day period to one of six months. It is of interest to note that examination of the legislative history of ch. 288, Laws of 1959, reflects that it came about as a result of the interest of a taxpayer, who overpaid inheritance tax and did not discover the overpayment until the sixty-day rehearing period had expired. The taxpayer was thereby denied the right to recover the overpayment.

Respondent places considerable significance upon the timely notice of hearing, the appearance of the public administrator at the time of the hearing and his statement in open court which is hereinbefore set forth. It is urged that an order entered determining inheritance tax under these circumstances should be considered a finality. Such an interpretation of the statutes would foreclose both taxpayer and the state from seeking an adjustment in an improperly computed tax. It would also obliterate the distinction between the function of the hearing to determine the inheritance tax and the more limited scope of the rehearing. Sec. 72.15 (11), Stats., in effect, limits the rehearing to the "records, proceedings, and proofs had and taken on the hearings" unless in the exercise of its judicial discretion, the trial court grants a new trial.

Respondent also urges that the statement of the public administrator made in open court constitutes a stipulation subject to the provisions of sec. 269.46 (2), Stats., which provide as follows:

"269.46 **Relief from judgments, orders and stipulations; review of judgments and orders.**

" . . .

" (2) No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

Assuming that the statement of the public administrator was a stipulation, sec. 269.46 (2), Stats., must be considered as a statute of general application. As such, it is subject to the rule that when both a general statute and a specific statute relate to the same subject matter, the specific statute controls. *Estate of Kirsh, supra,* at page 36; *Grant County Service Bureau v. Treweek* (1963), 19 Wis. 2d 548, 552, 120 N. W. 2d 634. The ap-

plication of this rule to the instant case would favor the specific provisions of sec. 72.15 (11), which specifically provides for a rehearing for the purpose of redetermining an inheritance tax, over the general provisions of sec. 269.46 (2).

*By the Court.*—Order reversed.