WILBUR J. SCHMIDT, Secretary Department of Health and SocialServices
You inquire whether sec. 49.50 (10), Stats., created by ch. 90, Laws of 1973, mandates a self-declaration application method in the Aid to Families with Dependent Children (AFDC) Program.
The answer to your question is "no." Section 49.50 (10), Stats., is a general statute relating to eligibility for all of the categorical aids in ch. 49. AFDC eligibility is specifically controlled by sec. 49.19 (2), (3), Stats., which requires investigation and report. It is a well recognized standard of statutory construction that when both a general statute and a specific statute relate to the same subject matter, the specific statute controls. Estate of Kirsh (1954), 269 Wis. 32,68 N.W.2d 435; Estate of Zeller (1967), 39 Wis.2d 695, 159 N.W.2d 599.
Section 49.50 (10), Stats., reads as follows:
 "(10) ELIGIBILITY VERIFICATION. (a) Any person applying for public assistance shall provide proof of his social security number, the agency granting assistance shall verify his application declaration for assistance.
 "(b) In no case shall failure to provide a social security number be grounds for denial of eligibility if eligibility for assistance otherwise exists.
 "(c) The agency shall grant temporary eligibility for assistance pending verification under par. (a) if, on the basis of the self-declaration application, eligibility appears to exist."
The foregoing statute generally sanctions the use of the self-declaration applications in the categorical aid programs. As you *Page 33 
know, this system has been used on an experimental basis to enable a county administrating a categorical aid program to comply with a federal rule which requires that an individual must be given an opportunity to apply for assistance without delay.45 C.F.R. sec. 206.10 (a) (1). Compliance with the federal rule has proven very difficult in large counties where there have been voluminous applications on given occasions. A more efficient system was needed to process applications in such instances. The self-declaration concept streamlined procedures by avoiding time consuming face-to-face interviews. Eligibility for a categorical aid is determined on the basis of the four corners of the application form rather than upon a full investigation. This concept has been compared to income tax auditing procedures with respect to tax refunds.
While sec. 49.50 (10), Stats., sanctions the use of the self-declaration application system, with respect to the adultcategorical aid programs, it can have but limited use in the AFDCprogram. Section 49.19 (2) and (3) (a), Stats., requires more than mere ascertainment of eligibility from the four corners of the application. These sections read as follows:
 "(2) A prompt investigation of the circumstances of the child shall be made (which shall include a visit to its home) before granting aid. A report upon such investigation shall be made in writing and become a part of the record in the case. Every applicant shall be promptly notified in writing of the disposition of his application. Aid shall be furnished with reasonable promptness to any eligible individual.
 "(3) (a) After the investigation and report and a finding of eligibility, aid as defined in sub. (1) shall be granted by the county welfare department as the best interest of the child requires. No such aid shall be furnished any person for any period during which he is receiving old-age assistance, aid to the blind or aid to totally and permanently disabled persons."
The foregoing statute specifically applies to the AFDC category. Section 49.50 (10), Stats., applies to all categorical aids. It is a rule of construction that where a general statutory provision is repugnant to a special provision covering the same subject, the special provision takes precedent over the general.March v. Voorsanger (1945), 248 Wis. 225, 21 N.W.2d 275. Moreover, repeal by implication is not *Page 34 
favored. An earlier act will be considered to remain in force unless it is so manifestly inconsistent to the later act that they cannot reasonably stand together. Pattermann v. Whitewater
(1966), 32 Wis.2d 350, 745 N.W.2d 705; Jicka v. Karns (1967),39 Wis.2d 676, 759 N.W.2d 691.
From the foregoing, I conclude that sec. 49.50 (10), Stats., relating to all categorical aid programs under ch. 49, sanctions the use of the self-declaration application system for the AFDC program to a very limited extent. Economic eligibility need not be verified, but other factors of eligibility, such as number of children in the home, ages, absence of spouse, etc., must be ascertained through a home visit, investigation and report as required under sec. 49.19 (2) and (3), Stats., before assistance may be granted.
RWW:WLJ