R. J. MCMAHON, Commissioner of Savings and Loan
You ask under what circumstances a state-chartered savings and loan association may impose a prepayment penalty on outstanding mortgage loans. In your opinion request you note a possible conflict between sec. 138.05 (2), Stats., applicable generally to all lenders, and sec. 215.21, Stats., applicable only to state-chartered savings and loan associations.
Section 138.05 (2), Stats., provides as follows:
 "(2) Any loan for which the rate of interest charged exceeds $10 per $100 for one year computed upon the declining principal balance may be prepaid by the borrower at any time in whole or in part. Upon prepayment of any such loan in full by cash, renewal or refinancing, the borrower shall be entitled to a refund of unearned interest charged which shall be determined as follows:
 "(a) On any such loan which is repayable in substantially equal, successive installments at approximately equal intervals of time and the face amount of which includes predetermined interest charges, the amount of such refund shall be as great a proportion of the total interest charged as the sum of the balances scheduled to be outstanding during the full instalment periods commencing with the instalment date nearest the date of prepayment bears to the sum of the balances scheduled to be outstanding for all instalment periods of the loan.
 "(b) On any other such loan, the amount of such refund shall not be less than the difference between the interest charged and interest, at the rate contracted for, computed upon the unpaid principal balances of the loan from time to time outstanding prior to prepayment in full."
The pertinent subsections of sec. 215.21. Stats., are as follows:
 "(11) Penalty interest; when charged. When the aggregate of principal payments made by a borrower during any 12-month period exceeds 20 per cent of the original amount of the loan, the association may charge 90 days interest on that part of *Page 92 
prepayment which exceeds 20 per cent of said original amount, provided the mortgage note makes express provision therefor.
"* * *
 "(19) Repayment of loans. A borrower may repay his loan at any time by giving 30 days' written notice of his intention to do so, subject to sub. (11)."
It is my opinion that the two above quoted statutory provisions were designed to deal with separate but related lending situations and are therefore not in conflict with each other. One statute deals with loans generally, the other deals with loans by savings and loan associations.
Section 138.05 (2), Stats., provides the right to prepay all loans which bear an interest rate in excess of 10 percent. The Legislature has provided that where the lender has received unearned interest payments, these payments should be returned to the borrower. Section 138.05 (2)(a) and (b) provides methods for determining if any refund of interest is due to the borrower. The payment of unearned interest to the lender results under some types of precomputed loan transactions. Section 138.05 (2), Stats., applies to all lenders, including those who precompute the interest on their loans with the result of receiving unearned interest in the early installment periods.
Although sec. 138.05 (2), Stats., does not state whether a penalty can be attached to this right to prepay, a consideration of this question is not necessary here. Likewise, it is not necessary to consider here the Wisconsin Consumer Credit Act which gives to the consumer the right to prepay without a penalty certain loan transactions covered by the Act. See 422.208, Stats.
Section 215.21 (11), Stats., relating to mortgage loans from savings and loan associations, provides for a penalty upon prepayment of such a loan in certain limited circumstances, i.e., when the aggregate of principal payments made by the borrower during a twelve-month period exceeds 20 percent of the original amount of the loan and the mortgage loan expressly provides for such a penalty. Further, this penalty may not be imposed unless the mortgage note makes express provision therefor. *Page 93 
Additionally, sec. 215.21 (19), Stats., enlarges the right to prepayment beyond that granted in sec. 138.05 (2), Stats. One who borrows from a savings and loan association has the right, upon giving 30 days' written notice, to prepay all such loans, not only those which carry an interest rate in excess of 10 percent, and is subject to a prepayment penalty only if, and to the extent that, sec. 215.21 (11), Stats., applies.
Even if one were to conclude that there is a conflict between these two statutory provisions which are designed to deal with two separate but related situations, any such conflict can be avoided by applying the following general rule of statutory construction:
 ". . . [W]hen both a general statute and a specific statute relate to the same subject matter, the specific statute controls." Estate of Zeller, 39 Wis.2d 695, 700, 159 N.W.2d 599 (1968).
In my opinion, the imposition of prepayment penalties for mortgage loans of savings and loan association are limited to the circumstances of sec. 215.21 (11), Stats. The legislative intent of sec. 215.21 (19), Stats., is to give borrowers the right to repay mortgage loans at any time on 30 days' notice. This right is made subject only to sec. 215.21 (11). Section215.21 (11) is specific as to the conditions precedent to the imposition of a prepayment penalty and the maximum size of the penalty. This specificity is also consistent only with the legislative intention that sec. 215.21 (11) provides for the limited circumstances in which a penalty can be attached to a borrower's exercise of his right to repay his loan to a savings and loan association. Expressio unius est exclusio alterius, i.e., the expression of one thing is the exclusion of another.
Therefore, I conclude that savings and loan associations may exact prepayment penalties on mortgage loans only in conformity with sec. 215.21 (11), Stats.
BCL:JEA