ROBERT W. WING, District Attorney Pierce County
You request my opinion whether the Register of Deeds in Pierce County is required to collect recording fees in accordance with sec. 59.57(12), Stats., prior to recording orders issued by the Department of Natural Resources (DNR) pursuant to the forest croplands law, sec. 77.02(3), Stats., and the woodland tax law, sec. 77.16(3), Stats. You state that the practice in Pierce County is for the Register of Deeds to hold such DNR orders until the recording fee is paid by the owner of the property in question. It is my opinion that such orders must be recorded upon receipt from the DNR notwithstanding the general requirement in sec. 59.57(12), Stats., that such fees be paid in advance of filing.
The pertinent language of sec. 77.02(3), Stats., reads as follows:
 "Decision, copies. After receiving all the evidence offered at any hearing held on the petition [for entry into the forest crop program] and after making such independent investigation as it *Page 247 
sees fit the department shall make its findings of fact and make and enter an order accordingly. . . . If the request of the petitioner is granted, a copy of such order shall be filed with the department of revenue, the supervisor of assessments, the clerk of each town and the register of deeds of each county in which any of the lands affected by the order are located. The register of deeds shall record the entry, transfer or withdrawal of all forest croplands in a suitable manner on the county records. The register of deeds man collect recording fees under s. 59.57 from the owner. . . ." (Emphasis supplied.)
Section 77.16(3), Stats., reads:
 "Upon filing of such application [for placement of property under the woodland tax law] the department shall examine the land, and if it finds that the facts give reasonable assurance that the woodland is suitable for the growing of timber and other forest products and the lands are not more useful for other purposes and the landowner agrees to follow an approved management plan the department shall enter an order approving the application. A copy of such order shall be forwarded to the owner of the land, to the supervisor of property assessments of the district wherein the land is located, to the clerk and the assessor of the town and to the clerk and register of deeds of the county wherein the land is located. The register of deeds shall record the entry and declassification of woodland tax lands in a suitable manner on the county record. The register of deeds may collect recording fees under s. 59.57 from the owner." (Emphasis supplied.)
Finally, sec. 59.57, Stats., says in relevant part:
 "Every register of deeds shall receive the following fees:
 "(1)(a) For recording any instrument entitled to be recorded in the office of the register of deeds, $2 for one page (first page) and $1 for each additional page. One `page' is one side of a single sheet of paper not larger than 8-1/2 by 14 inches using type not smaller than 6-point type. Each rider attached to a document shall be considered an additional page.
 "* * * *Page 248 
 "(12) All the foregoing fees to be payable in advance by the party procuring such services, except that the lees for such services performed for a state department, board or commission shall be invoiced monthly to such department, board or commission." (Emphasis supplied.)
There is an apparent conflict between the similar provisions of secs. 77.02(3) and 77.16(3), Stats., and the provision in sec.59.57(12), Stats. However, the first two statutes deal exclusively with the recordation of DNR orders Issued under the forest croplands program and the woodland tax law, while sec.59.57(12), Stats., is applicable to all recording fees incurred for services rendered by registers of deeds. It is a basic rule of statutory construction that when there is conflict between a statute of general application and one that is specific, the latter prevails. Schlosser v. Allis-Chalmers Corp., 65 Wis.2d 153,161, 222 N.W.2d 156 (1974); Luedtke v. Shedivy, 51 Wis.2d 110,118, 186 N.W.2d 220 (1971); Estate of Zeller, 39 Wis.2d 695,700-701, 159 N.W.2d 599 (1968). Both sec. 77.02(3) and sec.77.16(3), Stats., were enacted long after secs. 59.57(1)(a) and (12), Stats. This fact buttresses the specific-general dichotomy as Martineau v. State Conservation Commission, 46 Wis.2d 443,449, 175 N.W.2d 206 (1970) points out:
 "It is a cardinal rule of statutory construction that when a general and a specific statute relate to the same subject matter, the specific statute controls and this is especially true when the specific statute is enacted after the enactment of the general statute. [Cases cited.]" (Emphasis supplied.)
You will note that in both secs. 77.02(3) and 77.16(3), Stats., the word "shall" appears in connection with the recording of the DNR's order, while the word "may" appears with respect to the collection of recording fees. This language is not without significance since "shall" is generally construed as mandatory and "may" is generally construed as permissive. State v. Camera,28 Wis.2d 365, 371, 137 N.W.2d 1 (1965). That the word "may" is permissive "is especially true where the word `shall' appears in close juxtaposition in other parts of the same statute." Scanlonv. Menasha, 16 Wis.2d 437, 443, 114 N.W.2d 791 (1962). See alsoWisconsin's Environmental Decade, Inc. v. Wisconsin Power andLight Company, 395 F. Supp. 313 (W.D. Wis. 1975). This is precisely the case in secs. 77.02(3) and 77.16(3), Stats., which fortifies my opinion that the register of *Page 249 
deeds must record DNR orders under those sections even though the recording fee has not first been collected from the owner of the property in question.
BCL:RJB